UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:14-CR-00023-GNS

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

MICHAEL COPPLER                                                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Amend Order of Forfeiture (DN 10). For the following reasons, Defendant's Motion is **DENIED**.

### I. BACKGROUND

On March 16, 2010, Michael Coppler ("Coppler") pleaded guilty in the U.S. District Court for the Eastern District of Tennessee to the crime of "conspiracy to distribute and possess with intent to distribute one hundred (100) kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B)." (Def.'s Mot. Amend Order of Forfeiture Ex. 1, at 1, DN 10-1 [hereinafter Order of Forfeiture]). Pursuant to 21 U.S.C. § 853, the United States sought forfeiture of a money judgment in the amount of $975,000. (Order of Forfeiture 1-2). The Order of Forfeiture states "[t]hat, at any time, the United States may move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $975,000 to satisfy the money judgment in whole or in part . . . ." (Order of Forfeiture 2). On January 5, 2011, Coppler agreed to forfeit all assets and property that

were used or intended to be used in connection with the crimes with which he was charged as part of his guilty plea. (Order of Forfeiture 1-2).

On August 11, 2014, jurisdiction for his supervised release was transferred to this Court. (Order Transferring Jurisdiction, DN 1). On October 17, 2016, this Court received a letter from Coppler requesting that the forfeiture order be amended to exclude a property that was left to him by his father and is currently being held in trust. (Def.'s Mot. Amend Forfeiture Order, 1, DN 10 [hereinafter Def.'s Mot.]). This Court issued an order stating that Coppler's letter would be treated as a motion to amend the forfeiture order. (Order, DN 11).

## II. DISCUSSION

Under 18 U.S.C. § 3605:

> "A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court. A later transfer of jurisdiction may be made in the same manner. *A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter [A] or subchapter B or D of chapter 227.*"

18 U.S.C. § 3605 (emphasis added). Subchapter A of chapter 229 concerns supervision of probation. Subchapter B and D of chapter 227 concern sentences of probation and sentences of imprisonment, respectively. None of the subchapters listed in the statute address matters of forfeiture. Notably, subsection C of chapter 229 concerning fines is explicitly left out from the grant of jurisdiction promulgated by Section 3605. Accordingly, this Court does not have jurisdiction to entertain Coppler's motion to amend the forfeiture order. The original sentencing court—the U.S. District Court for the Eastern District of Tennessee—has proper jurisdiction over the present motion.

Moreover, the Court is also lacking jurisdiction because Coppler's motion is not yet ripe. *See River City Capital, L.P. v. Bd. of Cty. Comm'rs*, 491 F.3d 301, 309 (6th Cir. 2007) ("If a claim is unripe, federal courts lack subject matter jurisdiction . . . ." (internal quotation marks omitted) (citation omitted)). Ripeness "is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction . . . ." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (internal quotation marks omitted) (citation omitted). The ripeness doctrine serves to "avoid . . . premature adjudication" of legal questions and to prevent courts from "entangling themselves in abstract" debates that may turn out differently in different settings. *Id*. at 807 (internal quotation marks omitted) (citing *Abbott Lab. v. Gardner*, 387 U.S. 136, 148-49 (1967)). "The key factors to consider when assessing the ripeness of a dispute are: (1) the likelihood that the harm alleged by the party will ever come to pass; (2) the hardship to the parties if judicial relief is denied at this stage in the proceedings; and (3) whether the factual record is sufficiently developed to produce a fair adjudication of the merits." *Dealer Comput. Servs., Inc. v. Dub Herring Ford*, 547 F.3d 558, 561 (6th Cir. 2008) (citing *United States Postal Serv. v. Nat'l Ass'n of Letter Carriers*, 330 F.3d 747, 751 (6th Cir. 2003)).

The final order of forfeiture did not expressly limit the forfeitable property to that already seized, and states "[t]hat, at any time, the United States may move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $975,000 to satisfy the money judgment in whole or in part . . . ." (Order of Forfeiture 2). In his motion, Coppler is essentially requesting a determination from this Court that the property he will acquire

in the future will be shielded from the forfeiture order.[1] (Def.'s Mot. 1). The possibility of the government amending the order to seek his future property, however, is purely hypothetical and speculative. Consequently, the issue is not fit for judicial resolution at this time.

### III.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Amend the Order of Forfeiture (DN 10) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
January 17, 2017

cc:   counsel of record
      Defendant, *pro se*

---

[1] The Court would like to clarify to Coppler that the only property that is subject to forfeiture is property that was associated with his criminal activities. Such property includes "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation" or "any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation . . . ." 21 U.S.C. § 853(a)(1)-(2). In order for the United States to seize Coppler's future property, it would have to establish the nexus between the property to be seized and Coppler's criminal activity. *See* Fed. R. Crim. P. 32.2(a)(1)(A) ("If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.").